Hearing Date: October 25, 2016 at 2:00 p.m. (NY Time)
Objection Deadline: October 18, 2016 at 4:00 p.m. (NY Time)

Howard B. Kleinberg, Esq.
Edward J. LoBello, Esq.
Jil Mazer-Marino, Esq.
**MEYER, SUOZZI, ENGLISH & KLEIN, P.C.**
1350 Broadway, Suite 501
New York, New York 10018
Telephone: (212) 239-4999
Email: hkleinberg@msek.com
        elobello@msek.com
        jmazermarino@msek.com
*Counsel to China Fishery Group Limited (Cayman), et al.*
*Debtors and Debtors in Possession*

Tracy L. Klestadt, Esq.
Klestadt Winters Jureller Southard & Stevens, LLP
200 West 41st Street
17th Floor
New York, New York 10036-7203
Telephone:     (212) 972-3000
Email: tklestadt@klestadt.com
*Proposed Counsel to Pacific Andes Resources Development Limited*
*Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

In re:

**CHINA FISHERY GROUP LIMITED (CAYMAN)**, *et al.*,

Debtors.[1]

Chapter 11

Case No. 16-11895 (JLG)
(Jointly Administered)

---

In re:

**PACIFIC ANDES RESOURCES DEVELOPMENT LIMITED**,

Debtor.

Chapter 11

Case No. 16-12739 (JLG)

---

[1] The jointly administered debtors are China Fishery Group Limited (Cayman) ("CFGL"), Pacific Andes International Holdings Limited (Bermuda) ("PAIH"), N.S. Hong Investment (BVI) Limited ("NS Hong"), South Pacific Shipping Agency Limited (BVI) ("SPSA"), China Fisheries International Limited (Samoa) ("CFIL"), CFGL (Singapore) Private Limited ("CFGLPL"), Chanery Investment Inc. (BVI) ("Chanery"), Champion Maritime Limited (BVI) ("Champion"), Growing Management Limited (BVI) ("Growing Management"), Target Shipping Limited (HK) ("Target Shipping"), Fortress Agents Limited (BVI) ("Fortress"), Ocean Expert International Limited (BVI) ("Ocean Expert"), Protein Trading Limited (Samoa) ("Protein Trading"), CFG Peru Investments Pte. Limited (Singapore) ("CFG Peru Singapore"), Smart Group Limited (Cayman) ("Smart Group"), and Super Investment Limited (Cayman) ("Super Investment").

## NOTICE OF HEARING ON JOINT MOTION PURSUANT TO 11 U.S.C. §§ 105(A) AND 331 ESTABLISHING PROCEDURES FOR MONTHLY COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS

**PLEASE TAKE NOTICE** that a hearing (the "**Hearing**") on the *Joint Motion Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals* (the "**Motion**"), a copy of which is attached hereto, filed on behalf of the above-captioned debtors and debtors in possession, will be held before the Honorable James L. Garrity of the United States Bankruptcy Court for the Southern District of New York (the "**Court**"), in Room 601, One Bowling Green, New York, New York 10004-1408 on **October 25, 2016 at 2:00 p.m. (NY Time)** or as soon thereafter as counsel can be heard.

**PLEASE TAKE FURTHER NOTICE** that responses or objections to the Motion and the relief requested therein, if any, shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, shall set forth the basis for the response or objection and the specific grounds therefore, and shall be filed with the Court electronically in accordance with General Order M-399 by registered users of the Court's case filing system (the User's Manual for the Electronic Case Filing System can be found at http://www.nysb.uscourts.gov, the official website for the Court), with two hard copies delivered directly to Chambers pursuant to Local Bankruptcy Rule 9028-1 and served so as to be actually received no later than **October 18, 2016 at 4:00 p.m. (NY Time)** (the "**Objection Deadline**"), by: (a) counsel for China Fishery Group Limited (Cayman), *et al.*, Meyer, Suozzi, English & Klein, P.C., 990 Stewart Avenue, Suite 300, P.O. Box 9194, Garden City, New York 11530-9194, Attn.: Howard B. Kleinberg, Edward J. LoBello and Jil Mazer-Marino; (b) proposed counsel for Pacific Andes Resources Development Limited, Klestadt Winters Jureller Southard & Stevens, LLP, 200 West 41st Floor, New York, New York 10036-7203, Attn.: Tracy L. Klestadt, John E. Jureller, Jr., Christopher J. Reilly; and (c) the Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: Susan Golden, Esq.

**PLEASE TAKE FURTHER NOTICE** that a copy of the Motion and any pleadings may be obtained by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the Hearing may be continued or adjourned thereafter from time to time without further notice other than an announcement of the adjourned date or dates at the Hearing or at a later hearing.

2

**PLEASE TAKE FURTHER NOTICE** that if no objections or other responses are timely filed and served with respect to the Motion, the Debtors may, on or after the Objection Deadline, submit to the Court an order substantially in the form annexed as **Exhibit A** to the Motion, which order the Court may enter with no further notice or opportunity to be heard.

Dated: Garden City, New York
     October 7, 2016

MEYER, SUOZZI, ENGLISH & KLEIN, P.C.

By:     /s/ Howard B. Kleinberg
        Howard B. Kleinberg
        Edward J. LoBello
        Jil Mazer-Marino
1350 Broadway, Suite 501
New York, New York 10018
(212) 239-4999

*Counsel to China Fishery Group Limited (Cayman), et al., Debtors and Debtors in Possession*

        and

KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP

By:     /s/ Tracy L. Klestadt
        Tracy L. Klestadt
        John E. Jureller, Jr.
        Christopher J. Reilly
200 West 41st Street
17th Floor
New York, New York 10036-7203
(212) 972-3000

*Proposed Counsel to Pacific Andes Resources Development Limited as Debtor and Debtor in Possession*

3

1142917

Howard B. Kleinberg, Esq.
Edward J. LoBello, Esq.
Jil Mazer-Marino, Esq.
MEYER, SUOZZI, ENGLISH & KLEIN, P.C.
1350 Broadway, Suite 501
New York, New York 10018
Telephone:      (212) 239-4999
Email: hbkleinberg@msek.com ; elobello@msek.com
          jmazermarino@msek.com

*Counsel to China Fishery Group Limited (Cayman), et al.*
*Debtors and Debtors in Possession*

          and

Tracy L. Klestadt, Esq.
Klestadt Winters Jureller Southard & Stevens, LLP
200 West 41st Street, 17th Floor
New York, New York  10036-7203
Telephone:      (212) 972-3000
Email: tklestadt@klestadt.com

*Proposed Counsel to Pacific Andes Resources Development Limited*
*Debtor and Debtor in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| In re: | |
| | Chapter 11 |
| **CHINA FISHERY GROUP LIMITED (CAYMAN),** *et al.,* | |
| | Case No. 16-11895 (JLG) |
| Debtors.[1] | (Jointly Administered) |

---

| | |
|---|---|
| In re: | |
| | Chapter 11 |
| **PACIFIC ANDES RESOURCES DEVELOPMENT LIMITED,** | |
| | Case No. 16-12739 (JLG) |
| Debtor. | |

---

[1] The jointly administered debtors are China Fishery Group Limited (Cayman) ("CFGL"), Pacific Andes International Holdings Limited (Bermuda) ("PAIH"), N.S. Hong Investment (BVI) Limited ("NS Hong"), South Pacific Shipping Agency Limited (BVI) ("SPSA"), China Fisheries International Limited (Samoa) ("CFIL"), CFGL (Singapore) Private Limited ("CFGLPL"), Chanery Investment Inc. (BVI) ("Chanery"), Champion Maritime Limited (BVI) ("Champion"), Growing Management Limited (BVI) ("Growing Management"), Target Shipping Limited (HK) ("Target Shipping"), Fortress Agents Limited (BVI) ("Fortress"), Ocean Expert International Limited (BVI) ("Ocean Expert"), Protein Trading Limited (Samoa) ("Protein Trading"), CFG Peru Investments Pte. Limited (Singapore) ("CFG Peru Singapore"), Smart Group Limited (Cayman) ("Smart Group"), and Super Investment Limited (Cayman) ("Super Investment").

**JOINT MOTION PURSUANT TO 11 U.S.C. §§ 105(A) AND 331
ESTABLISHING PROCEDURES FOR MONTHLY COMPENSATION
AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS**

CFGL and the debtors and debtors in possession that are jointly administered with CFGL (collectively, the "**Original Debtors**"), by their counsel Meyer, Suozzi, English & Klein, P.C., and Pacific Andes Resources Development Limited ("**PARD**" and together with the Original Debtors, the "**Debtors**"), by its proposed counsel Klestadt Winters Jureller Southard & Stevens, LLP as and for their joint motion (the "**Motion**") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), pursuant to sections 105(a) and 331 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Bankruptcy Rules**"), establishing procedures for monthly compensation and reimbursement of expenses for Professionals (as defined below).

In support of this Motion, the Debtors rely upon the *Declaration of Ng Puay Yee Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York and In Support of Debtors' First Day Motions and Applications* (the "**First Day Declaration**") [ECF Doc. No. 2] filed on June 30, 2016 in the Original Debtors' chapter 11 cases and the *Declaration of Ng Puay Yee Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York and In Support of Debtor's First Day Motions and Applications* (the "**Pard First Day Declaration**") being filed contemporaneously herewith, and each are incorporated herein by reference, and respectfully state as follows:

2

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the Southern District of New York (the "**Court**") has jurisdiction to consider this matter pursuant to U.S.C. §§ 157 and 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

3.      On June 30, 2016 (the "**Petition Date**"), each of the Original Debtors filed with the Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  On September 29, 2016, PARD also filed with the Court a voluntary petition for relief under chapter 11.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The Original Debtors' cases have been consolidated for procedural purposes only and are being jointly administered under case number 16-11895 (JLG) (the "**Original Debtor Cases**").  A motion has been or is anticipated to be filed shortly by the Debtors to consolidate the chapter 11 case of PARD with those of the Original Debtors for procedural purposes only.

4.      To date, no creditors' committee has been appointed in these chapter 11 cases by the Office of the United States Trustee for the Southern District of New York (the "**U.S. Trustee**").

5.      On August 9, 2016, certain of the Original Debtors' creditors (the "**Adverse Lenders**") filed a *Motion For The Entry Of An Order Directing The Appointment Of A Chapter 11 Trustee Pursuant To 11 U.S.C. § 1104(a)(2)* (the "**Trustee Motion**") in the Original Debtor Cases [ECF Doc. No. 57].  The Original Debtors filed their opposition to the Trustee Motion on August 23, 2016 [ECF Doc. No. 100].  The parties engaged in extensive discovery and

depositions in connection with the Trustee Motion, all of which was conducted on an expedited basis. A trial on the Trustee Motion was held on August 29, 2016 and August 30, 2016. The parties' post-trial submissions, including proposed findings of fact and conclusions of law, were filed with the Court on September 2, 2016. To date, the Court has not ruled on the Trustee Motion and no trustee has been appointed in the Original Debtor Cases.

6.     The Debtors, along with certain non-Debtor affiliated entities, are part of a corporate family known as the Pacific Andes Group, which is one of the world's foremost vertically integrated seafood companies. The Pacific Andes Group provides seafood products to leading global wholesalers, processors and food service companies and has operations across the seafood value chain.

7.     As part of its business, the Pacific Andes Group engages in (or previously engaged in) harvesting, sourcing, ocean logistics and transportation, food safety testing, processing, marketing and distribution of frozen fish products, as well as fishmeal and fish oil. The Pacific Andes Group's businesses span the globe with major operations in the People's Republic of China, the United States and Peru, as well as processing businesses in China, the United States and Peru.

8.     The China Fishery group of companies (the "**CF Group**")[2], a subset of the Pacific Andes Group, sources, harvests, onboard-processes and delivers high quality mackerel to consumers around the world. The CF Group is also one of the leading producers of fishmeal and fish oil through its processing plants located along Peru's coast.

---

[2] The Debtors in the CF Group are Ocean Expert, CFGL, Smart Group, Protein Trading, SPSA, CFG Peru Singapore, CFIL, Growing Management, Chanery, Champion, Target Shipping, Fortress, and CFGLPL.

4

9.     The Debtors are comprised primarily of investment holding companies and non-operating companies that previously were in the business of trading frozen seafood products or providing freight service.    The Debtors also include: Protein Trading, a fishmeal trading company; SPSA, which provides shipping agency services; CFGLPL, a property investment company; and CFIL, which provides treasury services to its affiliates.

10.     In addition to the Debtors in these chapter 11 cases, other entities included in the Pacific Andes Group may be the subject of bankruptcy, insolvency or equivalent proceedings in courts outside of the United States as follows.

11.     CFG Investment S.A.C., Corporacion Pesquera Inca S.A.C. and Sustainable Fishing Resources, S.A.C. (the "**Chapter 15 Debtors**"), affiliates of the Debtors and part of the Pacific Andes Group, and its subset the CF Group, are the subject of insolvency proceedings in Peru and the subject of chapter 15 filings before this Court.

12.     PARD, which is an affiliate of the Original Debtors, together with certain of its subsidiaries, were the subject of insolvency proceedings in Singapore.  On September 26, 2016, the Singapore court supervising PARD's and its affiliates' reorganization proceedings held that, notwithstanding orders granted by the Singapore Court in July 2016 and August 2016, the Singapore court had no jurisdiction to restrain creditor actions outside the territorial confines of Singapore, and was therefore unable to provide PARD with the global protection it requires.  The Singapore court also held that it had no jurisdiction to grant any relief for PARD's subsidiaries. Although the Singapore court expressed its hope that PARD's reorganization could continue under the supervision of Singapore court, the lenders to PARD, in particular Malayan Banking Berhad and Cooperatieve Rabobank U.A., took actions against PARD by filing a winding up petition in the Supreme Court of Bermuda, and applying for the appointment of provisional

5

liquidators within hours of the Singapore court's decision.    PARD is in the process of withdrawing the Singapore proceedings.

13.    Richtown Development Limited is the subject of insolvency proceedings in the British Virgin Islands.

14.    The Debtors' meeting with creditors pursuant to 11 U.S.C. §341 was held on September 21, 2016 and closed.

## FACTS SPECIFIC TO THE RELIEF REQUESTED

15.    On July 19, 2016, the Debtors filed applications to retain: (a) Meyer, Suozzi, English & Klein, P.C., as counsel for the Debtors [ECF Doc. No. 34]; (b) Goldin Associates, LLC, as financial advisor for the Debtors [ECF Doc. No. 32]; and (c) RSR Consulting, LLC, as restructuring consultant for the Debtors [ECF Doc. No. 33] (each a "**Professional**" and collectively with any other professionals which any of the Debtors or any official committee may have been authorized to retain or may in the future be authorized to retain, the "**Professionals**"). On August 18, 2016, the Court issued orders authorizing the retention and employment of Meyer, Suozzi, English & Klein, P.C. and RSR Consulting, LLC [ECF Doc. Nos. 88-89].    On August 19, 2016, the Court issued an order authorizing the retention and employment of Goldin Associates, LLC [ECF Doc. No. 92].    Klestadt Winters Jureller Southard & Stevens, LLP (the "**Klestadt Firm**"), proposed counsel for PARD, is expected to soon file an application of PARD for authorization to retain such firm.

16.    Each of the Professionals retained by the Original Debtors is holding a retainer as security for the fees and disbursements relating to services to be provided to the Debtors (each a "**Retainer**" and collectively with any other Professionals' retainer, the "**Retainers**").    The Klestadt Firm is holding a retainer from PARD.    Pursuant to the existing orders authorizing the

retention of the Professionals, such Professionals are required to first exhaust the applicable Retainer before being paid in cash by the estates. [ECF Doc. Nos. 88, 89 and 92]. Presumably, any future retention orders will include the same requirement. Accordingly, until such time as the Retainers are exhausted, the Debtors will not be required to make payments to the Professionals from cash available for payment of other administrative expenses, and such payments will not affect the administrative solvency of the Debtors. To date, the fees and expenses incurred by each Professional are less than the Retainers received by such Professional.

17.    After approximately three months of operating in Chapter 11, the Original Debtors maintain over $1.8 million of cash. Approximately $1.5 million of such amount is derived from a non-core asset sale by one of the Original Debtors, and is currently restricted upon advice of counsel. The Original Debtors are requesting Court approval for its availability in a motion filed September 30, 2016 [ECF Doc. No. 160]. Based on the Original Debtors' 13-week cash flow projections, the Original Debtors believe that they will continue to maintain positive cash based on anticipated collections and after projected cash outlays for administrative expenses. The Debtors receive cash from various sources as well as funding by non-Debtor affiliates as contemplated with respect to the Original Debtors in the Cash Management Order entered in this case [ECF Doc. No. 93] and the Debtors expect that such funding will continue into the foreseeable future. Contemporaneously with this Motion, the Debtors are filing a joint motion to supplement the Cash Management Order to, among other things, have it apply to PARD.

18.    The Debtors believe that establishing orderly procedures for payment of the Professionals will streamline the administration of these chapter 11 cases and otherwise promote efficiency for the Court, the U.S. Trustee and all parties-in-interest. Specifically, a streamlined

7

process for serving fee applications and the notices thereof is in the best interest of the Debtors

because it will facilitate efficient and effective review of the Professionals' fees and expenses.

## PROPOSED COMPENSATION PROCEDURES

19.    The specific relief requested by the Debtors conforms substantially with the

professional payment procedures contemplated by Local Bankruptcy Rule 2016-1(c).   The

Debtors request that the Court issue an order in accordance with the General Order establishing

procedures for monthly compensation and reimbursement of expenses of professionals and

pursuant to section 105(a) and 331 of the Bankruptcy Code.

20.    Specifically, the Debtors propose that the monthly payment of compensation and

reimbursement of expenses of the Professionals (the "**Compensation Procedures**") be

structured as follows:

> a.    On or before the last day of each month[3] following the month for which
> compensation is sought, each Professional seeking compensation will serve
> a monthly statement, redacted as may be necessary to preserve confidential
> or privileged information (the "**Monthly Statement**") by email or hand or
> overnight delivery, on the following parties: (i) the Debtors (c/o Jessie Ng;
> team@pacificandes.com); (ii) Meyer, Suozzi, English & Klein, P.C., 990
> Stewart Avenue, Suite 300, P.O. Box 9194, Garden City, NY 11530 (Attn:
> Howard B. Kleinberg; hkleinberg@msek.com); (iii) Klestadt Winters
> Jureller Southard & Stevens, LLP, 200 West 41st Street, 17th Floor, New
> York, New York 10036 (Attn: Tracy L. Klestadt; tklestadt@klestadt.com);
> (iv) the U.S. Trustee, 201 Varick Street, Suite 10006, New York, NY
> 10014 (Attn: Susan Golden; susan.golden@usdoj.gov); (v) U.S. counsel for
> Standard Chartered Bank (Hong Kong) Limited, Cooperatieve Rabobank,
> U.A., DBS Bank (Hong Kong) Limited, an ad hoc noteholders committee,
> Bank of America N.A., Malayan Banking Berhad, Hong Kong Branch and
> Fredrich von Kaltenborn-Stachue, the insolvency administrator for the
> Pickenpack companies, and (vi) counsel to any official committee
> appointed in these chapter 11 cases (each a "**Notice Party**" and
> collectively, the "**Notice Parties**");

---

[3] If a professional does not file a Monthly Statement within this time period, the Monthly Statement may be filed for
consideration and payment by such date during any following month.

b.  On or before the last day of each month following the month for which compensation is sought, each Professional seeking compensation shall file its respective Monthly Statement with the Court redacted as may be necessary to preserve confidential or privileged information.  Courtesy copies need not be delivered to chambers.  This Motion is not intended to alter the fee application requirements outlined in sections 330 and 331 of the Bankruptcy Code, and Professionals are still required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules;

c.  Each Monthly Statement must contain a list of the individuals and their respective titles *(e.g.,* attorney, accountant or paralegal), who provided services during the statement period, their respective billing rates, the aggregate hours spent by each individual by appropriate billing categories, a reasonably detailed breakdown of the disbursements incurred (no Professional should seek reimbursement of an expense which would otherwise not be allowed pursuant to the Court's Administrative Orders dated June 24, 1991 and April 21, 1995 or the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, dated January 30, 1996), and contemporaneously-maintained time entries for each individual in increments of tenths (1/10) of an hour, unless deviations from such timekeeping requirements have been approved in connection with the retention of such Professional;

d.  If any party-in-interest has an objection to the compensation or reimbursement sought in a particular statement, such party shall, by no later than the fifteenth day following the filing of any Monthly Statement, file with the Court and serve upon the Professional whose statement is objected to, and the other persons designated to receive statements in sub-paragraph 2. (a), a written "**Notice of Objection to Fee Statement**," setting forth the nature of the objection and the amount of fees or expenses at issue;

e.  At the expiration of the fifteenth (15) day period, the Debtors shall promptly and without further order of the Court pay eighty percent (80%) of the fees and one hundred percent (100%) of the expenses identified in each Monthly Statement to which no objection has been served in accordance with sub-paragraph (d), first out of any retainer balance held by such Professional until such retainer is exhausted and then from non-retainer funds;

f.  If a Notice of Objection to Fee Statement is filed, the applicable Debtor or Debtors (or the applicable Professional if retainer funds are involved) shall withhold payment of that portion of the fee statement to which the

9

objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in sub-paragraph (e) unless the Professional whose statement is objected to seeks an order from the Court, upon notice and a hearing, directing payment to be made;

g.    If the parties to an objection are able to resolve their dispute following the filing of a Notice of Objection to Fee Statement and if the party to whose Fee Statement was objected files a statement indicating that the objection is withdrawn and describing in detail the terms of the resolution, then the applicable Debtor or Debtors shall promptly pay, in accordance with sub-paragraph (e), that portion of the Monthly Statement which is no longer subject to an objection;

h.    All objections that are not resolved by the parties or Court order shall be preserved and presented to the Court at the next interim or final fee application hearing to be held by the Court (as described in sub-paragraph (j) below);

i.    The service of an objection in accordance with sub-paragraph (d) shall not prejudice the objecting party's right to object to any fee application made to the Court in accordance with the Bankruptcy Code on any ground, whether raised in the Notice of Objection to Fee Statement or not. Furthermore, the decision by any party not to object to a Monthly Statement shall not be a waiver of any kind or prejudice that party's right to object to any fee application subsequently made to the Court in accordance with the Bankruptcy Code;

j.    Approximately every one hundred twenty (120) days, but no more than every one hundred fifty (150) days, each of the Professionals shall serve and file with the Court an application for interim or final Court approval and allowance, pursuant to sections 330 and 331 of the Bankruptcy Code (as the case may be), of the compensation and reimbursement of expenses requested (each an "**Interim Application**" and a "**Final Application**," respectively; collectively, the "**Applications**");

k.    The applicable attorney for the Debtor or Debtors shall obtain a date from the Court for the hearing to consider Interim Applications for all Professionals (the "**Interim Fee Hearing**"). At least twenty-one (21) days prior to the Interim Fee Hearing, the attorneys shall file a notice with the Court, with service upon the U.S. Trustee and all applicable Professionals, setting forth the time, date and location of the Interim Fee Hearing, the period covered by the Applications, and the objection deadline. Any Professional unable to file its own Application with the Court shall deliver to the Debtors' attorneys a fully executed copy of such Application and the attorneys shall file and serve such Application with the Court.

10

l.      Any Professional who fails to file an Interim Application or Final Application shall: (i) be ineligible to receive further monthly payments of fees or expenses as provided herein until further order of the Court; and (ii) may be required to disgorge any fees paid since such Professional's retention or the filing of the Professional's last fee application, whichever is later;

m.      The pendency of an application or Court order that payment of compensation or reimbursement of expenses was improper as to a particular Monthly Statement shall not disqualify a Professional from future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court; and

n.      Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any Professional.

21.     These Compensation Procedures substantially comply with the Bankruptcy Court's *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases,* dated January 29, 2013, and the U.S. Trustee *Guidelines for Reviewing Applications for Compensation and Reimbursement Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases,* effective November 1, 2013 (collectively, the "**Fee Guidelines**"), and the General Order (as defined below) except that the Debtors request that their Professionals be authorized to file their Monthly Statements on or before last day of each month following the month for which compensation is sought, rather than on or before the 20th day of such month.[4]

---

[4] Courts in this district have approved such relief in other chapter 11 cases. *See, e.g., In re The Great Atl. & Pac. Tea Co., Inc.,* Case No. 15-23007 (RDD) (Bankr. S.D.N.Y. Sept. 2, 2015) (ECF Doc. No. 765) (authorizing the filing of monthly fee statements on or before the 30th day of each month following the month for which a retained professional sought compensation); *In re Chassix Holdings, Inc.,* Case No. 15-10578 (MEW) (Bankr. S.D.N.Y. Apr. 14. 2015) (ECF Doc. No. 272) (same); *In re SIGA Techs., Inc.,* Case No. 14-12623 (SHL) (Bankr. S.D.N.Y. Oct. 28, 2014) (ECF Doc. No. 98) (same); and *In re Delphi Corp.,* Case No. 05-44481 (RDD) (Bankr. S.D.N.Y. Nov. 4, 2005) (ECF Doc. No. 869) (authorizing the filing of monthly fee statements on or before the last day of each month following each calendar month for which compensation is sought).

22.     In accordance with the General Order, the Compensation Procedures provide that each Professional may seek, in its first request for compensation and reimbursement of expenses pursuant to this Order, compensation for work performed and reimbursement of expenses, incurred during the period beginning on the date of the Professional's effective date of retention and ending on September 30, 2016.

23.     The Debtors further request that (a) the Court limit service of the Applications only to the Notice Parties and (b) all other parties that have filed a notice of appearance with the Clerk of this Court and requested notice of pleadings in these chapter 11 cases shall be entitled to receive only notice of hearings on the Applications (each, a "**Hearing Notice**"), with a right to receive copies of the Applications upon request. Serving the Applications and Hearing Notices in this matter will permit the parties most active in these chapter 11 cases to review and object to the Professionals' fees efficiently and will save unnecessary duplication and mailing expenses.

24.     The Debtors believe that the proposed procedures will enable the Debtors and other key parties-in-interest to closely monitor the costs of administration, maintain cash flow availability and implement efficient cash management procedures. Moreover, the Compensation Procedures will allow the Court and key parties-in-interest to ensure the reasonableness and necessity of the compensation and reimbursement sought by Professionals.

25.     The Debtors submit that the efficient administration of these chapter 11 cases will be significantly aided by establishing the foregoing compensation and expense reimbursement procedures.

## **BASIS FOR RELIEF**

26.     By this Motion, the Debtors request entry of an order pursuant to section 331 of the Bankruptcy Code establishing an orderly, regular process for the allowance and payment of

compensation and reimbursement of expenses for Professionals whose retentions are approved by this Court pursuant to sections 327 or 1103 of the Bankruptcy Code and who will be required to file applications for allowance of compensation and reimbursement of expenses pursuant to sections 330 and 331 of the Bankruptcy Code.

27.    The statutory predicates for the relief requested herein are sections 105(a) and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, Local Bankruptcy Rule 2016-1 and the standing General Order M412 of the United States Bankruptcy Court for the Southern District of New York, signed on December 21, 2010 by Chief Bankruptcy Judge Arthur J. Gonzalez (the "**General Order**").

28.    As set forth below, courts have regularly entered orders, in accordance with section 105(a) of the Bankruptcy Code, establishing procedures providing for the interim compensation and expense reimbursement of professionals on a monthly basis.    Factors generally considered by the courts in determining whether such relief is warranted include "the size of [the] reorganization cases, the complexity of the issues involved, and the time required on the part of the attorneys for the debtors in providing services necessary to achieve a successful reorganization of the debtors." *In re Int'l Horizons, Inc.*, 10 B.R. 895, 897-98 (Bankr. N.D. Ga. 1981).    In considering these factors, courts have determined that interim compensation procedures are appropriate to avoid having the professionals fund the debtor's reorganization proceedings. *See id.* at 897.

29.    The Debtors submit that the Compensation Procedures are appropriate and consistent with interim compensation procedures established in other large chapter 11 cases in this District. *See, e.g., In re Aéropostale, Inc.*, Case No. 16-11275 (SHL) (Bankr. S.D.N.Y. June 3, 2016) (ECF Doc. No. 251); *In re SunEdison, Inc.*, Case No. 16-10992 (SMB) (Bankr. S.D.N.Y.

13

May 12, 2016) (ECF Doc. No. 258); *In re Primorsk Int'l Shipping Ltd.*, Case No. 16-10073 (MG) (Bankr. S.D.N.Y. Feb. 18, 2016) (ECF Doc. No. 62); *In re Sabine Oil & Gas Corp.*, Case No. 15-11835 (SCC) (Bankr. S.D.N.Y. Aug. 10, 2015) (ECF Doc. No. 156); *In re Nautilus Holdings Limited*, Case No. 14-22885 (RDD) (Bankr. S.D.N.Y. July 14, 2014) (ECF Doc. No. 58); *In re General Maritime Corp.*, Case No. 11-15285 (MG) (Bankr. S.D.N.Y. Dec. 12, 2011) (ECF Doc. No. 94); *In re Marco Polo Seatrade B.V.*, Case No. 11-13634 (Bankr. S.D.N.Y. Sep. 15, 2011) (ECF Doc. No. 140); *In re Young Broadcasting Inc.*, Case No. 09-10645 (Bankr. S.D.N.Y. Mar. 12, 2009) (ECF Doc. No. 101).

30.     The Debtors respectfully submit that the Compensation Procedures sought herein are appropriate in light of the foregoing. The Debtors further submit that the Compensation Procedures substantially comply with the guidelines set forth by this Court in Local Rule 2016-1.

## **NOTICE**

31.     No creditors' committee, trustee, or examiner has been appointed in these chapter 11 cases. The Debtors have provided notice of this Application to the following parties, or, in lieu thereof, their counsel: (a) the Office of the U.S. Trustee for the Southern District of New York; (b) creditors holding the fifty largest claims as set forth in the consolidated list filed with the Original Debtors' petitions; (c) all of PARD's known creditors; (d) the United States Attorney's Office for the Southern District of New York; (e) the Internal Revenue Service; (f) the United States Securities and Exchange Commission; and (g) any party that has requested notice pursuant to Bankruptcy Rule 2002. A copy of this Application is also available on the Court's website.

32.     The Debtors submit that, in light of the nature of the relief requested, no other or further notice is required.

## NO PRIOR REQUEST

33.     No prior motion for the relief requested herein has been made to this or any other Court.

**WHEREFORE**, for the reasons set forth herein, the Debtors respectfully request that the Court (a) enter an order, substantially in the form attached hereto as <u>Exhibit A</u> and (b) grant such other and further relief as is just and proper.

Dated: New York, New York
      October 7, 2016

**MEYER, SUOZZI, ENGLISH & KLEIN, P.C.**

By: */s/ Howard B. Kleinberg*
    **Howard B. Kleinberg**
    **Edward J. LoBello**
    **Jil Mazer-Marino**
**1350 Broadway, Suite 501**
**New York, NY 10018**

*Counsel to China Fishery Group Limited (Cayman), et al., Debtors and Debtors in Possession*

*and*

**KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP**

By: */s/ Tracy L. Klestadt*
    **Tracy L. Klestadt**
**200 West 41st Street**
**17th Floor**
**New York, New York  10036-7203**

*Proposed Counsel to Pacific Andes Resources Development Limited as Debtor and Debtor in Possession*

15

## EXHIBIT A

## Proposed Order

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

In re:

**CHINA FISHERY GROUP LIMITED
(CAYMAN),** *et al.,*

Debtors.[1]

Chapter 11

Case No. 16-11895 (JLG)
(Jointly Administered)

---

In re:

**PACIFIC ANDES RESOURCES
DEVELOPMENT LIMITED,**

Debtor.

Chapter 11

Case No. 16-12739 (JLG)

---

## ORDER PURSUANT TO SECTIONS 105(A) AND 331 OF THE BANKRUPTCY CODE ESTABLISHING PROCEDURES FOR MONTHLY COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS

Upon the motion, dated October 7, 2016 (the "**Motion**"),[2] of CFGL and the debtors and

debtors in possession that are jointly administrated with CFGL (collectively, the "**Original**

**Debtors**") and Pacific Andes Resources Development Limited ("**PARD**" and together with the

Original Debtors, the "**Debtors**"), pursuant to sections 105(a) and 331 of the Bankruptcy Code,

establishing procedures for monthly compensation and reimbursement of expenses of

Professionals; this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157

and 1334; and venue of these chapter 11 cases and the Motion in this district being proper

---

[1] The jointly administered debtors are China Fishery Group Limited (Cayman) ("CFGL"), Pacific Andes International Holdings Limited (Bermuda) ("PAIH"), N.S. Hong Investment (BVI) Limited ("NS Hong"), South Pacific Shipping Agency Limited (BVI) ("SPSA"), China Fisheries International Limited (Samoa) ("CFIL"), CFGL (Singapore) Private Limited ("CFGLPL"), Chanery Investment Inc. (BVI) ("Chanery"), Champion Maritime Limited (BVI) ("Champion"), Growing Management Limited (BVI) ("Growing Management"), Target Shipping Limited (HK) ("Target Shipping"), Fortress Agents Limited (BVI) ("Fortress"), Ocean Expert International Limited (BVI) ("Ocean Expert"), Protein Trading Limited (Samoa) ("Protein Trading"), CFG Peru Investments Pte. Limited (Singapore) ("CFG Peru Singapore"), Smart Group Limited (Cayman) ("Smart Group"), and Super Investment Limited (Cayman) ("Super Investment").

[2] All capitalized terms used and not defined herein shall have the meaning ascribed to them in the Motion.

pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28

U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and

the relief requested therein has been provided in accordance with the Bankruptcy Rules and the

Local Bankruptcy Rules, and that, except as otherwise ordered herein, no other or further notice

is necessary; and objections (if any) to the Motion having been withdrawn or overruled on the

merits; and a hearing having been held to consider the relief requested in the Motion and upon

the record of the hearing and all of the proceedings had before the Court; and upon the

representation of the Debtors that this estate is administratively solvent; and the Court having

found and determined that the relief sought in the Motion is in the best interests of the Debtors,

their estates, their creditors and all other parties-in-interest; and that the legal and factual bases

set forth in the Motion establish just cause for the relief granted herein; and after due deliberation

and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1.    The Motion is GRANTED as set forth herein.

2.    Except as may otherwise be provided in an order of the Court authorizing the

retention of a specific professionals, Professionals retained pursuant to an order of the Court in

these chapter 11 cases may seek monthly compensation and reimbursement of expenses in

accordance with the following procedures (collectively, the "**Compensation Procedures**"):

> a.    On or before the last day of each month following the month for which
> compensation is sought, each Professional seeking compensation will
> serve a monthly statement, redacted as may be necessary to preserve
> confidential or privileged information (the "**Monthly Statement**") by
> email or hand or overnight delivery, on the following parties: (i) the
> Debtors, Attn: Jessie Ng; team@pacificandes.com; (ii) Meyer, Suozzi,
> English & Klein, P.C., 990 Stewart Avenue, Suite 300, P.O. Box 9194,
> Garden City, NY    11530 (Attn: Howard B. Kleinberg;
> hkleinberg@msek.com); (iii) Klestadt Winters Jureller Southard &

2

Stevens, LLP, 200 West 41st Street, 17th Floor, New York, New York 10036 (Attn: Tracy L. Klestadt; tklestadt@klestadt.com); (iv) the U.S. Trustee, 201 Varick Street, Suite 10006, New York, NY 10014 (Attn: Susan Golden; susan.golden@usdoj.gov); (v) U.S. counsel for Standard Chartered Bank (Hong Kong) Limited, Cooperatieve Rabobank, U.A., DBS Bank (Hong Kong) Limited, an ad hoc noteholders Committee, Bank of America N.A., Malayan Banking Berhad, Hong Kong Branch and Fredrich von Kaltenborn-Stachue and (vi) counsel to any official committee appointed in these chapter 11 cases (each a "**Notice Party**" and collectively, the "**Notice Parties**");

b.    On or before the last day of each month following the month for which compensation is sought, each Professional seeking compensation shall file a Monthly Statement with the Court, redacted as may be necessary to preserve confidential or privileged information.  Courtesy copies need not be delivered to chambers.  This Order does not alter the fee application requirements outlined in sections 330 and 331 of the Bankruptcy Code, and Professionals are still required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules;

c.    Each Monthly Statement must contain a list of the individuals and their respective titles *(e.g.,* attorney, accountant or paralegal), who provided services during the statement period, their respective billing rates, the aggregate hours spent by each individual by appropriate billing categories, a reasonably detailed breakdown of the disbursements incurred (no Professional should seek reimbursement of an expense which would otherwise not be allowed pursuant to the Court's Administrative Orders dated June 24, 1991 and April 21, 1995 or the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, dated January 30, 1996), and contemporaneously-maintained time entries for each individual in increments of tenths (1/10) of an hour, unless deviations from such timekeeping requirements have been approved by the Court in connection with the retention of such Professional;

d.    If any party-in-interest has an objection to the compensation or reimbursement sought in a particular statement, the Notice Party shall, by no later than the fifteenth (15th) day following the filing of a Monthly Statement, file with the Court and serve upon the Professional whose statement is objected to, and the other persons designated to receive statements in sub-paragraph 2. (a), a written "**Notice of Objection to Fee Statement**," setting forth the nature of the objection and the amount of fees or expenses at issue;

3

e.   At the expiration of the fifteen (15) day period, the Debtors shall promptly, and without further Court order, pay eighty percent (80%) of the fees and one hundred percent (100%) of the expenses identified in each Monthly Statement to which no objection has been served in accordance with sub-paragraph 2. (d), first out of any retainer balance held by such Professional until such retainer is exhausted, and then from non-retainer funds;

f.   If a Notice of Objection to Fee Statement is filed, the applicable Debtor or Debtors shall withhold payment of that portion of the fee statement to which the objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in sub-paragraph (e) unless the professional whose statement is objected to seeks an order from the Court, upon notice and a hearing, directing payment to be made;

g.   If the parties to an objection are able to resolve their dispute following the filing of a Notice of Objection to Fee Statement and if the party to whose Fee Statement was objected to files a statement indicating that the objection is withdrawn and describing in detail the terms of the resolution, then the applicable Debtor or Debtors shall promptly pay, in accordance with sub-paragraph (e), that portion of the Monthly Statement which is no longer subject to an objection;

h.   All objections that are not resolved by the parties or Court order shall be preserved and presented to the Court at the next interim or final fee application hearing to be held by the Court (as described in sub-paragraph (j) below);

i.   The service of an objection in accordance with sub-paragraph (d) shall not prejudice the objecting party's right to object to any fee application made to the Court in accordance with the Bankruptcy Code on any ground, whether raised in the Notice of Objection to Fee Statement or not. Furthermore, the decision by any party not to object to a Monthly Statement shall not be a waiver of any kind or prejudice that party's right to object to any fee application subsequently made to the Court in accordance with the Bankruptcy Code;

j.   Approximately every one hundred twenty (120) days, but no more than every one hundred fifty (150) days, each of the Professionals shall serve and file with the Court an application for interim or final Court approval and allowance, pursuant to sections 330 and 331 of the Bankruptcy Code (as the case may be), of the compensation and reimbursement of expenses requested (each an "**Interim Application**" and a "**Final Application**," respectively; collectively, the "**Applications**");

4

k.   The applicable attorney for the Debtor or Debtors shall obtain a date from the Court for the hearing to consider Interim Applications for all Professionals (the "**Interim Fee Hearing**").  At least twenty-one (21) days prior to the Interim Fee Hearing, the attorneys shall file a notice with the Court, with service upon the U.S. Trustee and all applicable Professionals, setting forth the time, date and location of the Interim Fee Hearing, the period covered by the Applications, and the objection deadline.  Any Professional unable to file its own Interim Application with the Court shall deliver to the applicable Debtor or Debtors' attorneys a fully executed copy of such Application and the attorneys shall file and serve such Application with the Court.

l.   Any Professional who fails to file a Monthly Statement for a particular month may include fees and expenses for such month in a subsequent Monthly Statement or Application;

m.   Any Professional who fails to file an Interim Application or Final Application shall: (i) be ineligible to receive further monthly payments of fees or expenses as provided herein until further order of the Court; and (ii) may be required to disgorge any fees paid since such Professional's retention or the filing of the Professional's last fee application, whichever is later;

n.   The pendency of an application or Court order that payment of compensation or reimbursement of expenses was improper as to a particular Monthly Statement shall not disqualify a Professional from future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court; and

o.   Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any Professional.

3.   In accordance with the General Order, the Compensation Procedures provide that each Professional may seek, in its first request for compensation and reimbursement of expenses pursuant to this Order, compensation for work performed and reimbursement for expenses, incurred during the period beginning on the date of the Professional's retention and ending on September 30, 2016.

5

4.      The amount of fees and disbursements sought shall be set out in U.S. dollars and paid in U.S. dollars.

5.      Service of the Applications may be limited to the Notice Parties. Notices of hearings to consider Applications shall be limited to the Notice Parties and any party who files a notice of appearance and requests notices in these chapter 11 cases.

6.      The Debtors shall include all payments to their Professionals on their monthly operating reports, detailed so as to state the amount paid to each Professional.

7.      Any party may object to requests for payments made pursuant to this Order on the grounds that any Debtor has not timely filed monthly operating reports, remained current with their administrative expenses and 28 U.S.C. § 1930 fees, or a manifest exigency exists, by seeking a further order of this Court, otherwise, this Order shall continue and shall remain in effect during the pendency of these cases.

8.      All time periods referenced in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

9.      Any and all other and further notice of the relief requested in the Motion shall be, and hereby is, dispensed with and waived; provided, however, that the Debtors must serve a copy of this Order on all entities specified in sub-paragraph 2(a) hereof.

10.     The requirements set forth in Local Rule 9013-1(b) are satisfied.

11.     This Order is immediately effective and enforceable, notwithstanding the possible applicability of Bankruptcy Rule 6004(h).

12.    This Court shall retain jurisdiction with respect to any matters, claims, rights or

disputes arising from or related to the Motion or the implementation of this Order.

Dated: October _____, 2016
       New York, New York


                                        _____
                                        Honorable James L. Garrity, Jr.
                                        UNITED STATES BANKRUPTCY JUDGE

7

1100287